THE PEOPLE OF THE STATE OF NEW YORK, DEFEND-
ANTS IN ERROR, *v.* DANIEL CHRISTOPHER, PLAINTIFF IN
ERROR.

*Perjury — Answer — allegation in, that defendant " says he denies."*

WRIT of error to the Court of Sessions in and for the county of Tompkins.

The defendant was indicted, tried, convicted and sentenced to the State prison, in said Court of Sessions, for the crime of perjury. The perjury was alleged to have been committed in the verification of an answer interposed in an action brought upon two promissory

notes made by defendant. The complaint averred the making of the notes and their transfer to the bank (the plaintiff); its ownership; their presentment and demand for payment when the same became due; their non-payment; and that no part of said notes had been paid.

The answer to said complaint was as follows: First. The defendant, Daniel Christopher, comes into court by John A. Williams, his attorney, and in answer to the plaintiffs' complaint says that he denies each and every allegation therein alleged, except as herein admitted as follows, that is to say: He admits that he, on or about June 18th, 1870, made his promissory note for $850, payable at First National Bank, Ithaca, to the order of R. De Witt Mann, and that the same was indorsed by R. De Witt Mann and A. C. Ditmar; that the plaintiffs are a banking corporation and discounted said note at or about the day of its date, and paid this defendant, the then holder thereof, the sum of $500, and no more, and that no further or other sum has ever been paid by the plaintiff for or on account of said note. Second. The defendant says that he admits the execution of the second note described on the said plaintiff's complaint for the sum of $1,000, made July 19th, 1870, to the order of A. C. Ditmar and indorsed by said Ditmar and R. De Witt Mann, payable at the First National Bank of Ithaca and delivered to said plaintiffs. And this defendant, in further answer to said complaint, says that the said last described note is fully paid and satisfied, and should be delivered up to him to be canceled.

The verification was that the same was " true of his own knowledge, except as to those matters therein stated to be upon his information, and as to such matters he believes it to be true."

In the indictment perjury is first assigned on the admission contained in the answer — upon the words that the plaintiff discounted said $850 note, "*and paid this defendant, the then holder thereof, the sum of* $500, *and no more*, and that no further or other sum had ever been paid by the plaintiff for or on account of said note;" and *secondly* upon the words in the *second* count of the answer, " that the said last described note [the $1,000 note] is fully paid and satisfied."

On the question whether perjury could be assigned upon the

verification of the answer, JAMES, J., *held*, that in all cases the assignment of perjury, on which a conviction is asked, must be of matter material to the issue to be tried, and that materiality is always a question of law; that the words in the first count designated as untrue contained no answer to the complaint; were not responsive to any allegation therein; did not help to form any issue; were not a denial, but simply a statement of what defendant admitted, and hence were wholly immaterial; that no issue was formed to the first count of the complaint; that the answer contained no denial, as the defendant only *said* he denied what he did not admit, and that this was a mere affirmance that he denied. Merely saying he denied was one thing; a direct and positive denial was quite another. (*Arthur* v. *Brooks*, 14 Barb., 533; *Blake* v. *Eldred*, 18 How., 240.)

That by the second count the answer contained a separate and distinct allegation that the $1,000 had been paid; formed a direct issue with an allegation in the complaint upon a material point; and that the word "*says*" was not there used as an assertion of what defendant had done or was about to do, but was the assertion of a fact which, if true, constituted a defense to the note; that the allegation was therefore material, and perjury could be assigned thereon.

That as a general verdict of guilty was rendered in the case, the evidence given upon the trial could be properly applied to said second count, and hence the conviction could be sustained.

LEARNED, P. J., concurred in the result, without being confident that perjury might not be committed when the allegation of an answer is " the defendant says that he denies."

*H. Ballard*, for the plaintiff in error.

*S. D. Holliday*, for the defendants in error.

Opinions by LEARNED, P. J., and JAMES, J.

Present — LEARNED, P. J., and JAMES, J.

The conviction and judgment of the Sessions affirmed, and the record remanded to the Court of Sessions of Tompkins county, the court in which the prisoner was tried and convicted, and the prisoner ordered to appear before said Court of Sessions at its term to be held on the 9th day of June, 1875, and said court directed then and there to pronounce sentence and order its execution.